IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
IN ADMIRALTY

Case No.: _____

| | |
|---|---|
| NORTH CAROLINA STATE PORTS AUTHORITY,<br><br>                       Plaintiff,<br><br>vs.<br><br>ZIM INTEGRATED SHIPPING SERVICES LTD., *in personam*,<br><br>and<br><br>M/V CAPE TAINARO (IMO 9706205), her engines, tackle, apparel, appurtenances, etc. *in rem*,<br><br>                       Defendants. | |

## **VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM***

North Carolina State Ports Authority ("NCSPA") brings this action against Zim Integrated Shipping Services, Ltd. *in personam* ("Zim") and the M/V CAPE TAINARO (IMO 9706205), her engines, tackle, apparel, appurtenances, etc., *in rem* ("Vessel"), and alleges as follows:

## **NATURE OF THE ACTION**

This action concerns the February 22, 2021 collision of the Vessel, then chartered by Zim, with the NCSPA owned and operated facilities and fixtures at the Port of Wilmington, Berth 6. The collision damaged Berth 6, and also damaged the equipment there operated by NCSPA lessee Enviva Port of Wilmington, LLC ("Enviva"). As a result, NCSPA as detailed in this Verified Complaint suffered damages.

- 1 -

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1333 and 46 U.S.C. §30101. Owners of the Vessel have provided security for NCSPA's claim by way of a Letter of Undertaking and submitted the security, in place of the Vessel, to this Court's jurisdiction *in rem*. Zim is subject to this Court's *in personam* jurisdiction pursuant to N.C. Gen. Stat. § 1-75.4 in that the damages occurred in this District by the Vessel chartered by Zim, and that Zim regularly does business in this District.

2. Owners of the Vessel, through their insurer, have provided a Letter of Undertaking with a security amount of $245,693.28 to secure NCSPA's claims *in rem* against the Vessel, undertaking in addition to file or cause to be filed, upon your demand, a Statement of Right or Interest in the Vessel in this suit.

3. This is an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h). This Court further has jurisdiction over Zim pursuant to 28 U.S.C. §1332 in that Zim is a foreign corporation and NCSPA a North Carolina state entity and the amount in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper in this District because the damages done by the Vessel, chartered by Zim, occurred in this District, and because Zim also does business in this District.

## PARTIES

4. NCSPA is an entity of the State of North Carolina, which owns and operates the Port of Wilmington, including Berths 6 and 7 which experienced the damages as set out in this Verified Complaint.

5. Zim is an Israeli corporation which, at the time of the damage alleged, operated the Vessel, or in the alternative, chartered the Vessel.

6. The Vessel is an ocean-going cargo vessel.

## FACTS

7. On February 22, 2021, the Vessel struck (i) NCSPA's Berths 6 and 7 facilities, and (ii) equipment located at Berth 5 belonging to Enviva, NCSPA's tenant.

8. This striking was not the fault of NCSPA but instead was the fault of the Vessel, and its charterer Zim by way of Zim's directly or indirectly controlled crew and officers of the Vessel.

9. As the result of the striking, installations including fenders of Berths 6 and 7 were damaged. Further, the equipment of Enviva at Berth 5 was damaged.

10. Because the Vessel damaged the Enviva equipment, Enviva was not able to accept at Berth 5 one or more further vessels, including the M/V FLORENTINE OETKER, causing further damages to NCSPA in the form of lost revenues to NCSPA.

11. NCSPA had not scheduled any of the installations, including fenders, at Berths 6 and/or 7 which the Vessel damaged, for replacement; all were in good condition.

12. Because of the Vessel striking Berths 6 and 7, the Vessel remained at berth longer than scheduled. This necessitated NCSPA's payment, in mitigation of damages, for the shifting and demurrage of another vessel, the M/V CSL TACOMA, on February 23, 2021.

13. Further when the Vessel struck Enviva's equipment, at least one container fell off the Vessel and into the berthing area. NCSPA further had to pay the expenses of locating and recovering the container, to make the berthing area safe for other vessels.

14. The Vessel severely damaged fenders and related installations at Berths 6 and 7 requiring NCSPA to replace the fenders and related installations to accommodate the return to safe docking at Berths 6 and 7.

- 3 -

Case 7:22-cv-00219-BO-RJ   Document 1   Filed 12/16/22   Page 3 of 8

15. NCSPA's Marine Terminal Operator Schedule #1 (Terminal Tariff)("MTO"), https://ncports.com/wp-content/uploads/2021/02/MTOS-ONLINE-Version-effective-February-15-2021.pdf , which applies to Zim and to the Vessel, states including:

> Item 5 - APPLICATION OF MARINE TERMINAL OPERATOR SCHEDULE (MTO Schedule): (a) The use of Authority facilities constitutes consent to the terms and conditions of this MTO schedule by the user, as well as an agreement on the part of the user to pay all charges and be governed by all rules and regulations published in this MTO Schedule, to abide by local rules and regulations as set forth by the management of Authority facilities and to be responsible for the disciplining of any infractions thereof by such persons or firms and their employees. (b) Rates, charges, rules and regulations published or referred to in this MTO schedule shall apply equally to all users of, vessels at, or cargo moving over or through, the general cargo and container facilities of the North Carolina State Ports Authority, hereinafter referred to as "Authority," as of the effective date shown on this MTO Schedule or amendments thereto.

\* \* \*

> Item 70 - RESPONSIBILITY FOR DAMAGE TO FACILITIES: All users of Authority facilities shall be held responsible for all damage to the facilities occasioned by them. The Authority reserves the right to repair or contract for repair such damages. The Authority may detain any vessel or other watercraft responsible for damage to the facilities until sufficient security has been posted for the amount of damage. Users damaging the Authority facilities or equipment will be liable for the cost to repair or replace the damaged facilities or equipment plus 15% of such costs for the Authority's administration and supervision.

16. NCSPA's lease (May 4, 2016 amendment) with Enviva also at the time of the damage that this Verified Complaint describes, provided as follows:

> 9.2 Other NCSPA Obligations. In accordance with the terms and conditions of this Lease, and in exchange for Enviva's agreement to pay the Throughput Fee, NCSPA agrees to use its best efforts to provide the following services to Enviva during the Term:
>
> (a) Maintain a seven hundred and forty-two (742) foot long Berth dredged to 42 feet at mean low low water ("MLLW"), sufficient to accommodate Enviva Vessels; however, NCSPA is not responsible or liable for maintaining the depth of the channel leading to the Berth (NCSPA shall keep Enviva informed/apprised of any/all changes to the depth of the channel);
>
> (b) Provide space at the Port's docks and piers for Enviva Vessels sufficient to allow for loading operations in accordance with this Lease;

(c) Take such other and further actions as may be consistent with the foregoing specifically enumerated services contemplated to be provided by NCSPA.

NCSPA consequently as the Enviva Lease requires, was to receive fees from Enviva for vessel calls, and also to keep Berth 5 in repair including after damage done by the Vessel.

17. Consequently, as the result of the Vessel's striking of and collision with NCSPA's Berths 6 and 7 facilities, NCSPA has suffered at least the following damages:

|   | **Invoice/Purchase Order/Item** |   | **Amount** |
|---|---|---|---|
| 1 | Rubber Cone Fenders, 4/26/2021 - Trelleborg Marine Systems | Replacement for damaged fenders at Berth 7 | $ 29,940.00 |
| 2 | Ship2Shore, Bencros TTV 1000mmH x 1500 mmL Arch Fenders | Replacement for damaged fenders at Berth 6 | $ 45,800.00 |
| 3 | Civil Works Contracting | Installation of replacement fenders | $ 43,434.00 |
| 4 | 15% Administration Cost per NCSPA MTOs |   | $ 17,876.10 |
| 5 | Mainstream Commercial Divers to NCSPA | Assistance to recover container fallen from CAPE TAINARO | $ 1,522.50 |
|   | **Subtotal, Items 1-5:** |   | **$138,572.60** |
|   |   |   |   |
| 6 | McAllister Towing to NCSPA | shifting CSL TACOMA, 2/23/2021 | $ 9,400.00 |
| 7 | Harbor Lines to NCSPA | shifting CSL TACOMA, 2/23/2021 | $ 3,800.00 |
| 8 | Wilmington Docking Pilots to NCSPA | shifting CSL TACOMA, 2/23/2021 | $ 1,240.20 |
| 9 | T Parker Host Agency to NCSPA | Detention of CSL TACOMA 2/23/2021 | $ 12,036.11 |
|   | **Subtotal, Items 6-9:** |   | **$ 26,476.31** |

| | | |
|---|---|---|
| Lost Revenue from missed call of M/V FLORENTINE OETKER to Enviva facilities at NCSPA Wilmington Facilities | | $130,221.24 |

| | | |
|---|---|---|
| | **Total to Date Before Prejudgment Interest:** | **$295,270.15** |

## COUNT I – MARITIME TORT - NEGLIGENCE

18. NCSPA repeats and realleges the foregoing paragraphs 1 through 17 as if fully stated herein.

19. The Vessel, under the direction and control of Zim, caused the damages to NCSPA's property and caused the related damages as alleged above.

20. Defendants owed a duty to NCSPA not to damage NCSPA's property or cause the related damages, and Defendants breached that duty.

21. Defendants, jointly and severally, owe damages to NCSPA as set out below.

## COUNT II – BREACH OF MARITIME CONTRACT - TARIFF

22. NCSPA repeats the foregoing paragraphs 1 through 21 as if fully stated herein.

23. The Vessel and Zim, as its operator and charterer, were permitted by operation of NCSPA's MTO and other contractual agreements to enter and use NCSPA's facilities including Berths 6 and 7.

24. Express in the contract, including MTO implied in that contract, is that all users of NCSPA facilities shall be held responsible for all damage to the facilities occasioned by them.

25. Defendants, jointly and severally, having breached their obligation to NCSPA under the MTO and related contractual agreements owe damages to NCSPA as set out below.

WHEREFORE, NCSPA demands as follows:

A.     That this Court enter judgment against Defendants, jointly and severally, in the amount of at least $295,270.15, plus pre- and post-judgment interest and costs; and

B.     That this Court award NCSPA other and further proper relief.

RESPECTFULLY SUBMITTED, this the 16th day of December 2022.

/s/ J. Stephen Simms
J. Stephen Simms
jssimms@simmsshowers.com
Catherine M. Benson
cmbenson@simmsshowers.com
Simms Showers LLP
201 International Circle, Suite 230
Baltimore, Maryland 21030
Ph:    (443) 290-8704
Fax:   (410) 510-1789
Electronic Filing Attorney Registration Pending
*Special Appearance Counsel for*
*North Carolina State Ports Authority*

/s/ Geoffrey A. Losee
Geoffrey A. Losee
N.C. State Bar No. 21185
glosee@rountreelosee.com
Pardis Camarda
N.C. State Bar No. 53006
pcamarda@rountreelosee.com
ROUNTREE LOSEE LLP
2419 Market Street
Post Office Box 1409
Wilmington, NC 28402-1409
(910) 763-3404
Fax (910) 763-0080
*Local Civil Rule 83.1(d) Counsel for*
*North Carolina State Ports Authority*

## **VERIFICATION**

I certify under penalties of perjury that the foregoing is true and correct, to the best of my information and belief.

Executed on December 15, 2022.

_____
Alherd P. Kazura
CFO, NCSPA